**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 25, 2025**

# In the Court of Appeals of Georgia

A25A2043. WILLIS v. CHILDREN'S HEALTHCARE OF ATLANTA, INC.

MERCIER, Judge.

Rassalyn Willis sued Children's Healthcare of Atlanta ("CHOA") for damages she allegedly sustained when she slipped and fell in the emergency room at CHOA - Hughes Spalding Hospital. CHOA moved for summary judgment, arguing that Willis could not establish that her damages were caused by the fall. The trial court granted the motion, and this appeal followed. We reverse.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" OCGA § 9-11-56 (c). We review the grant of

summary judgment de novo, construing the evidence and all reasonable inferences in the light most favorable to the non-movant. See *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010).

Viewed in this manner, the record shows that Willis took her daughter to the CHOA emergency room for treatment during the early morning hours of February 7, 2019. As they walked out of the examination room, Willis slipped on the hallway floor, falling on her left knee. No signage in the area warned of a wet floor, but Willis felt wetness after she fell, and, as hospital staff helped her to her feet, she saw a man down the hall cleaning the floor with a machine. She also heard nurses say, "Oh, my God, she's fallen, the floor is wet." A nurse then instructed someone to "bring the sign out here so nobody else will get hurt."

As Willis got up, she felt "like a snap or a little pop" in her left knee, which was in pain and began to swell at the hospital. Willis experienced continuing pain for months after the fall, including pain so severe that, at times, she could not walk. She had difficulty navigating stairs, and the pain forced her to cut back her hours working as a hairstylist.

The record further shows that, in 2018, Willis was involved in a car wreck, during which she suffered a torn meniscus in her left knee that required treatment and rehabilitation. Willis testified, however, that she had gotten "back to normal[,]" she was "feeling well[,]" and "everything was fine" before she fell at the hospital. At that point, she also had been released by her medical providers and was no longer on medication for knee pain. Willis testified: "I was able to wear my heels and walk, dance, walk forward down the steps, all of that, until this incident [at the hospital] happened to me."

To support its summary judgment motion, CHOA offered the affidavit of an orthopedic surgeon, who had reviewed an MRI scan of Willis's left knee taken following the 2018 car wreck, but before her February 2019 fall, as well as a scan taken approximately ten months after the fall. The surgeon averred that, in his opinion,

> the fall at [CHOA] was not the cause of the abnormalities on the MRI of the left knee done on December 16, 2019. Rather, the MRI demonstrated degenerative findings and a meniscus tear and cyst that were already present on an October 9, 2018 MRI.

Citing Willis's failure to submit contrary expert evidence, CHOA argued that Willis could not establish that her knee injury was caused or exacerbated by the fall at

the hospital. The trial court agreed, finding that Willis had not "offer[ed] any testimony from a physician to link her claimed injuries to the fall." It thus granted summary judgment to CHOA.

A plaintiff typically is not required to present expert evidence to prove causation in a simple negligence case. See *Cowart*, 287 Ga. at 622. As our Supreme Court has explained, "[w]here the causal link between the defendant's conduct and the [plaintiff's] injury can be determined by a lay jury without expert guidance, no expert evidence need be produced to defeat a defense motion for summary judgment." Id. at 628 (2) (b). Expert causation evidence *is* necessary, however, when

> a 'medical question' involving truly specialized medical knowledge (rather than the sort of medical knowledge that is within common understanding and experience) is needed to establish a causal link between the defendant's conduct and the plaintiff's injury.

Id. at 622 (citation, punctuation, and emphasis omitted).

CHOA argues that this case demands such specialized knowledge, asserting that "expert testimony is generally necessary to connect an accident to the exacerbation of [a] preexisting injury." But where problems relating to a pre-existing injury cease, then reoccur soon after the incident giving rise to litigation, "'[t]he jury

[does] not need expert evidence to find that although the [incident] did not cause the [pre-existing injury], it aggravated it." *Hutcheson v. Daniels*, 224 Ga. App. 560, 562 (2) (481 SE2d 567) (1997) (punctuation omitted) (quoting *Cox v. Rewis*, 207 Ga. App. 832, 835 (2) (429 SE2d 314) (1993) (physical precedent only)). And Willis testified unequivocally that, prior to the February 7, 2019 fall, her pre-existing knee pain had resolved through treatment and therapy, allowing her to move well and live her normal life. She had been released from care by her treating physician and was no longer on medication. She then fell on her knee at CHOA, experiencing immediate pain that became severe, impacting her mobility and daily activities.

Although the 2018 car wreck may have initially caused Willis's torn meniscus, Willis testified that the problems associated with that condition had ended before she fell in the emergency room. Under these circumstances, jurors are capable of determining whether the pain and other damages Willis allegedly incurred after February 7, 2019, resulted from the fall. See *Hutcheson*, 224 Ga. App. at 562 (2); *Cox*, 207 Ga. App. at 835 (2). Accordingly, because Willis was not required to present expert causation testimony to survive summary judgment and factual issues remain

as to causation, the trial court erred in granting CHOA's motion for summary judgment.

*Judgment reversed. Dillard, P. J., and Senior Judge C. Andrew Fuller concur.*